UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH A. GARCIA,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT BURTON,<br><br>　　　　Respondent. | Case No. 19-cv-07600-VC<br><br>**ORDER REQUESTING SUPPLEMENTAL BRIEFING** |

　　　　The parties are directed to file supplemental briefs on the following issues:

　　　　First, it appears that the California Superior Court simply forgot to rule on the ineffective assistance of counsel claims alleged in Garcia's state habeas petition which were not part of the evidentiary hearing. Is there anything in the record suggesting that the state court did not inadvertently overlook these claims? If not, is review of these claims—and/or of the cumulative prejudice question—de novo? *See, e.g.*, *Johnson v. Williams*, 568 U.S. 289, 298-303 (2013); *Ford v. Peery*, -- F.3d --, 2020 WL 5757015, at *8 (9th Cir. 2020); *Kipp v. Davis*, 971 F.3d 939, 950-51 (9th Cir. 2020); *Murray v. Schriro*, 882 F.3d 778, 810-11 (9th Cir. 2018); *Murdaugh v. Ryan*, 724 F.3d 1104, 1121-22 (9th Cir. 2013).

　　　　Second, assuming de novo review of these claims, is an evidentiary hearing on the claims not addressed by the state court (or on the cumulative prejudice question) warranted? If so, are there limits on the issues that the evidentiary hearing can cover?

　　　　Third, and regardless of the answer to the first two questions, the Court is having difficulty deciphering the record as it relates to Garcia's claim relating to trial counsel's handling of Lauren Worthington's testimony. Specifically, Garcia argues that trial counsel was ineffective with respect to Worthington primarily for failing to establish that the police acted in a coercive

fashion during her interrogation and/or failing to establish that the police fed her with information that they wanted her to provide about Garcia's involvement in the murder. But the parties have not explained, and the record does not appear to reveal: (a) which portions of the audio recordings of her interrogation were played during her conditional examination; and (b) which portions of her conditional examination (including which, if any, of the portions containing audio recordings) were ultimately played to the jury. *See* Trial Transcript 38-54 (noting during conditional examination that audio recordings of Worthington's police interrogations were played). The parties should clarify the record with respect to these questions if possible. And if the Court is unable to determine which portions of the audio recordings and Worthington's conditional examination were played to the jury, can it meaningfully consider the claim that counsel was ineffective with respect to Worthington? For that matter, can the Court conduct a meaningful cumulative prejudice analysis without knowing what the jury heard from Worthington's conditional examination (and from Worthington's interrogation)?

The respondent has 14 days from the date of this order to file supplemental briefing on the above issues. Garcia's response should be filed within 14 days of the respondent's filing. Briefs are not to exceed 20 pages, excluding title page, table of contents, table of authorities, and exhibits.

**IT IS SO ORDERED.**

Dated: October 13, 2020

_____
VINCE CHHABRIA
United States District Judge