UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RALPH A. GARCIA,<br><br>   Petitioner,<br><br>  v.<br><br>ROBERT BURTON,<br><br>   Respondent. | Case No. 19-cv-07600-VC<br><br>**ORDER DENYING MOTION TO VACATE, ALTER, OR AMEND JUDGMENT**<br><br>Re: Dkt. No. 39 |

  Garcia's motion to vacate, alter, or amend the judgment is denied. As to the question whether AEDPA deference applies to the claims that the Superior Court overlooked, this Court thoroughly considered the issue. The order recognized that the answer was "not obvious," and that there was a "colorable legal argument" that de novo review applied. *See* Dkt. No. 37, pg. 3. But for the reasons discussed at length in the order, the better argument was that AEDPA deference did apply. The trickiness of the question is not reason itself to grant the motion to amend. *See Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) ("A district court may grant a Rule 59(e) motion if it is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law." (quotations omitted) (emphasis in original)).

  Garcia also argues that the motion to amend should be granted because an evidentiary hearing is warranted to develop the claims relating to Perez and Esparza. This argument was raised by Garcia in his traverse, and discussed during the hearing on the petition. *See* Dkt. No. 17, pgs. 17-24. Although the issue was not explicitly addressed in the written order, it was not overlooked—the Court considered and rejected the argument while ruling on the petition. Garcia

cannot be right that de novo review applies every time state courts deny a facially valid habeas claim without an evidentiary hearing. *See Hibbler v. Benedetti*, 693 F.3d 1140, 1147 (9th Cir. 2012) ("[The Ninth Circuit has] never held that a state court must conduct an evidentiary hearing to resolve every disputed factual question; such a per se rule would be counter not only to the deference owed to state courts under AEDPA, but to Supreme Court precedent."). There certainly may be circumstances where a state court's denial of a claim without an evidentiary hearing entitles a petitioner to de novo review or to an evidentiary hearing in federal court. *See, e.g.*, *Hurles v. Ryan*, 752 F.3d 768, 790-92 (9th Cir. 2014). But these circumstances are not present here because the extent of the prejudice resulting from Miller's ineffective handling of Perez and Esparza is discernible from the state court record; no further factual development is needed to resolve those claims. *Cf. Velasquez v. Ndoh*, 824 F. App'x 498, 499 (9th Cir. Aug. 25, 2020).

**IT IS SO ORDERED.**

Dated: July 9, 2021

VINCE CHHABRIA
United States District Judge